UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                                                Case No. 22-cr-0104-bhl

STEVEN M. STATHAS, JR.,

           Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO COMPEL**
_____

      Defendant Steven M. Stathas, Jr. is currently serving a sentence of one hundred and eighty (180) months' incarceration following his conviction for using a computer to attempt to persuade, induce or entice a minor to engage in unlawful sexual activity. (ECF No. 66.) He is incarcerated at FCI Otisville, in Otisville, New York, with a projected release date of March 28, 2034. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (search in search bar for "Steven M. Stathas") (last visited April 18, 2025). On November 14, 2024, Stathas filed a *pro se* motion for return of several items of property that were seized in connection with his arrest and the government's investigation into his misconduct. (ECF No. 88.) He asks that his black 2008 Volkswagen Jetta, an X-box, a Play Station 5, cell phones, a tablet, hard drives, and his wallet be returned to his mother, Faye Stathas. (*Id.* at 2.) The government filed a response on December 3, 2024, identifying the defendant's property still in its possession and advising that the West Bend Police Department would arrange to return the identified items to the defendant's mother while he is incarcerated. (ECF No. 90.) The government's response also advised that, given the nature of the criminal conduct in this case, the West Bend Police Department intended to digitally wipe his electronic devices before returning them to ensure they do not contain child pornography. (*Id.*)

      On January 21, 2025, Stathas filed the currently pending *pro se* motion, in which he challenges the government's plan to wipe his electronic devices before returning them. (ECF No. 95.) Stathas states that the information on the devices has monetary and sentimental value, as well as evidentiary value for future legal proceedings, and, if destroyed, Stathas will file a tort claim. (*Id.* at 1.) The government filed a response on February 4, 2025 and, after receiving a one-month

extension, Stathas filed a reply on March 28, 2025. (ECF Nos. 97 & 100.) For the reasons set forth below the Court will grant in part and deny in part Stathas's motion.

## DISCUSSION

As noted in its prior Order, the West Bend Police Department is in possession of the following property items: #22-1594-1: Keys for black VW Jetta; #21-2658-5: Black VW Jetta; #21-2658-2: Other miscellaneous cards from wallet; #21-26588-1: Wallet; #21-2644-7: Samsung Galaxy Tablet; #21-2644-6: Samsung Galaxy Note Cellphone; #21-2644-5: Spring Mobile Broadband card; #21-2644-4: LG Cellphone; #21-2644-3: WD My Book External Hard Drive; #21-2644-2: PlayStation System; #21-2644-1: Xbox 1; #21-2633-2: Hard drive; and #21-2633-1: Gray Samsung cellphone. (ECF No. 94 at 1–2.) The government has informed the Court that after receiving the defendant's latest filing, the government's counsel had further discussions with the West Bend Police Department regarding the defendant's electronic devices. (ECF No. 97 at 2.) Based on those conversations, it is counsel's understanding that there is no evidence at this time that child pornography, as defined by 18 U.S.C. § 2256(8), currently exists on: #21-2644-7: the Samsung Galaxy Tablet; #21-2644-6: the Samsung Galaxy Note Cellphone; #21-2644-5: the Spring Mobile Broadband card; #21-2644-4: the LG Cellphone; #21-2644-3: the WD My Book External Hard Drive; #21-2644-2: the PlayStation System; #21-2644-1: the Xbox 1; and #21-2633-2: the Hard drive. (*Id.*) The government further states that there is no evidence at this time that these devices were used to facilitate the commission of the offense of conviction. (*Id.*) Accordingly, the government agrees to return those devices to the defendant's mother in their current state. (*Id.*)

With respect to Stathas's Samsung cell phone (identified in ECF No. 90 as #21-2633-1, and bearing IMEI no. 35618499054582), however, the West Bend Police Department advised the government that this is the cell phone that Stathas used to communicate with the 15-year-old minor victim in this case. (*Id.*) As Stathas acknowledged as part of his plea agreement, and as law enforcement's forensic examination of this cell phone confirmed, the defendant exchanged numerous sexually explicit messages and images with the minor victim using this phone, and the phone contains significant personally identifying information about her. (*Id.* (citing ECF No. 48 at 2–3; ECF No. 58 at 5; *see also* ECF Nos. 97-1 & 97-2 (police reports regarding the defendant's Samsung cell phone)).) The contents of this phone therefore constitute obscene, sexually explicit, and personally identifying contraband involving a minor victim and the phone itself is derivative

contraband that was used to commit the criminal conduct in this case. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 n.13 (10th Cir. 2001) (discussing differences between "contraband *per se*" and "derivative contraband"); *see also In Re the Matter of Property Seized from ICS Cutting Tools, Inc.*, 163 F.R.D. 292, 294–95 (E.D. Wis. 1995) (noting that the government is entitled to seize and retain items determined to be "derivative contraband") (citing *Cooper v. City of Greenwood*, 904 F.2d 302, 304, 305 (5th Cir. 1990) (defining contraband *per se* to include objects which are "intrinsically illegal in character" whereas derivative contraband includes items which are not inherently unlawful, but may become unlawful depending upon their use).). The phone is also subject to forfeiture under 18 U.S.C. § 2428 because it was used to facilitate the commission of the offense of conviction, although, as the government acknowledges, no judicial order of forfeiture was entered in this case. (ECF No. 97 at 3.)

Under Federal Rule of Criminal Procedures 41(g), a defendant is not entitled to the return of contraband, derivative contraband, or property subject to forfeiture as a matter of law regardless of whether that property was ever forfeited by judicial order. *See United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999) (holding that "contraband" or property "subject to forfeiture" need not be returned pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure); *United States v. Nestor*, No. 23-2716, 2025 WL 32814, at *4 (3d Cir. Jan. 6, 2025) (finding that "a defendant may not reclaim property that is contraband or subject to forfeiture" under Rule 41(g) "even in the absence of formal judicial forfeiture proceedings" and citing cases); *United States v. Howard*, 973 F.3d 892, 895–96 (8th Cir. 2020) (finding defendant had "no cognizable claim" to derivative contraband used to facilitate his crimes); *United States v. Penry*, 515 F. App'x 784, 788 (10th Cir. 2013) ("[W]hen the property [subject to a Rule 41(g) motion] is used to commit the offense on which the defendant received his conviction, only an innocent owner or one aggrieved by an illegal seizure may qualify for lawful possession of the property."). Accordingly, Stathas does not have a cognizable right to the return of the Samsung cell phone under Rule 41(g). Stathas forfeited his interest in the Samsung cell phone when he used his phone, repeatedly, to commit his offense and the sexual exploitation of a minor.

In order to fully resolve this matter for all parties, however, the government proposes that it digitally wipe the device to erase all contraband communications, images, and personal information involving the minor victim and return the clean device to the defendant's mother. (ECF No. 97 at 2–3.) The government further submits that there is no procedure short of digitally

wiping this device that would ensure that all contraband information related to the minor victim in this case be erased. (*Id.*) This approach is consistent with the goals of 18 U.S.C. § 3509(d)(1)(A)—which requires that the government, the defense, and the Court ensure that "the name" and "any other information concerning a child" be maintained "in a secure place to which no person who does have reason to know their contents has access"—and 18 U.S.C. § 3771(a)—which guarantees crime victims the right to "be reasonably protected from the accused" and "treated with fairness and with respect for the victim's dignity and privacy."

Stathas contends that the seizure of his phone was the result of an illegal search and seizure. (ECF No. 100 at 3–4.) As Stathas acknowledges, the Court found that Stathas's vehicle was lawfully searched and items were lawfully seized. (ECF No. 39 at 5–7). Stathas also argues that there are other solutions other than wiping the phone. (ECF No. 100 at 4.) Stathas proposes that the Snapchat app and all related data concerning conversations with the minor victim be deleted or that the government provide Stathas access to the phone so that he "can pick and choose what he wants to keep, transfer that to a thumb drive then wipe the device." (*Id.*) The Court rejects Stathas's proposed approaches as unreasonable. Stathas stands convicted of using a computer to attempt to persuade, induce or entice a minor to engage in unlawful sexual activity. Evidence of his criminal activities and communications with that minor are on the subject phone. He has no right to get his phone back, let alone to impose additional obligations on the government in connection with the return of that contraband. The Court finds the government's proposal to be generous and reasonable. It is also an efficient compromise that returns all of Stathas's electronic devices, including his Samsung cell phone, subject to its being wiped to ensure all communications between the minor victim and Stathas are erased.

Accordingly,

**IT IS ORDERED** that Defendant Stathas's Motion to Compel is **granted in part and denied in part.** As agreed to by the government, the following items are to be returned to Stathas's mother and in their current condition:

1. #22-1594-1: Keys for black VW Jetta
2. #21-2658-5: Black VW Jetta
3. #21-2658-2: Other miscellaneous cards from wallet
4. #21-26588-1: Wallet
5. #21-2644-7: Samsung Galaxy Tablet

6. #21-2644-6: Samsung Galaxy Note Cellphone
7. #21-2644-5: Spring Mobile Broadband card
8. #21-2644-4: LG Cellphone
9. #21-2644-3: WD My Book External Hard Drive
10. #21-2644-2: PlayStation System
11. #21-2644-1: Xbox 1
12. #21-2633-2: Hard drive

As for property item #21-2633-1: Gray Samsung cellphone. This item may be wiped of all data and then returned to Stathas's mother.

Dated at Milwaukee, Wisconsin on April 18, 2025.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge