UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     Plaintiff,

v.                Case No. 22-cr-0104-bhl

STEVEN M. STATHAS, JR.,

     Defendant.

### ORDER ON DEFENDANT'S MOTION TO WITHDRAW PLEA AND MOTION FOR RECONSIDERATION

    Defendant Steven M. Stathas, Jr. is currently serving a sentence of one hundred and eighty (180) months' incarceration after pleading guilty to enticing a minor to engage in unlawful sexual activity. (ECF No. 66.) While incarcerated, Stathas filed a *pro se* motion seeking the return of several items of property, including a Samsung cell phone that was seized by police in connection with his arrest and prosecution. (ECF No. 88.) On April 18, 2025, the Court granted Stathas's request in part and ordered his property returned to him. (ECF No. 101.) In response to concerns from the government about Stathas's phone, which he used to communicate with the victim in perpetrating his crime, the Court ruled that the government could "wipe" the phone before returning it, to ensure that all communications between Stathas and his minor victim were erased. (*Id.* at 4.) In response to the Court's ruling, Stathas has filed *pro se* motions seeking to withdraw his guilty plea and for reconsideration of the Court's ruling allowing the government to "wipe" his phone. (ECF Nos. 104 & 105). Both motions will be denied.

    The Court may allow a defendant to withdraw his guilty plea at any time *before sentencing* if the defendant provides a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). Stathas's request to withdraw his guilty plea is both untimely and without merit. Stathas was sentenced on December 20, 2023. (ECF No. 66.) His attempt to withdraw his admission of guilt thus comes nearly one and a half years too late. *See* Rule 11(d)(2). His motion can be rejected on that ground alone. Even if Stathas had moved timely, however, his motion would be denied because the basis he offers for withdrawing his plea is frivolous. He contends his guilty plea was "involuntary and

unknowing" because he entered his plea on the understanding that he would get his property back and the Court's ruling that the government can "wipe" his phone before returning it somehow renders his decision to enter a guilty plea ineffective. This contention is absurd and not a basis for withdrawing his plea. The Seventh Circuit has recognized limited grounds for withdrawal of a guilty plea. A plea can be withdrawn if the defendant shows actual or legal innocence, or if he can prove the guilty plea was not entered knowingly and voluntarily. *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). Stathas does not suggest that he is factually or legally innocent. Indeed, the evidence against him was overwhelming, including evidence derived from the phone he now wishes returned to him. In terms of the voluntariness of his plea, the Court conducted a detailed colloquy with him at his change of plea hearing and found he was entering a guilty plea that was both knowing and voluntary. (ECF No. 50.) After Stathas entered his guilty plea, the Court allowed him to replace his appointed counsel prior to sentencing and replacement counsel confirmed, even then, that Stathas did not wish to withdraw his plea. (ECF No. 57.) That Stathas is now upset that the phone he used to perpetrate his crime will be returned to him only after being wiped to ensure all communications between him and his minor victim are erased is not a basis to question the voluntariness of his entry of a plea well over one year ago. The law deems the entry of a plea of guilty a formal and solemn step, where the defendant is placed under oath and admits his guilt after detailed questioning by the Court to ensure the entry of the plea is both knowing and voluntary. *See* Fed. R. Crim. P. 11(b); *Mays*, 593 at 607 (answers to proper Rule 11 colloquy are presumed true imposing a heavy burden on defendant and leaving the "fair and just" escape hatch "narrow"). That procedure was followed here. Indeed, the Seventh Circuit noted in dismissing Stathas's attempt to appeal his conviction that the plea colloquy in this case "fully complied with the requirements of Rule 11(b) of the Federal Rule of Criminal Procedure." (ECF No. 93 at 4.) Based on the validity of Stathas's plea, the Court of Appeals enforced an appeal waiver in that plea agreement and dismissed his appeal. (*Id.* at 4, 6.) Defendant's motion to withdraw plea will be denied.

Stathas has also seeks reconsideration of the Court's order on the return of his phone. But he provides no grounds on which the Court might reverse its Order permitting Stathas's phone to be wiped before it is returned to him. Stathas instead attempts to relitigate his criminal case and alleges that his phone was "illegally seized." (ECF No. 105 at 1.) The Court declines to review

Stathas's criminal conviction and will deny his motion for reconsideration of the Court's April 18, 2025 Order.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's *pro se* motion to withdraw guilty plea, ECF No. 104, is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's *pro se* motion for reconsideration, ECF No. 105, is **DENIED**.

Dated at Milwaukee, Wisconsin on June 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge